LINK: 219

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5600 GAF (MANx) | Date | October 30, 2014 |
|---|---|---|---|
| Title | Wishtoyo Foundation v. Magic Mountain LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** In Chambers (No Proceedings Held)

### ORDER GRANTING DEFENDANTS' *EX PARTE* APPLICATION TO HEAR DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PAST THE MOTION HEARING CUTOFF DATE

On October 24, 2014, Defendants Magic Mountain LLC ("MMLLC") and Six Flags Theme Parks, Inc. ("SFINC") filed an *ex parte* application for an order to hear Defendants' Motion for Judgment on the Pleadings past the motion hearing cutoff date, currently set for November 10, 2014, or, alternatively, to shorten time to hear the motion on November 10, 2014. (Docket No. 219.) Plaintiffs opposed and Defendants replied on October 27. (Docket Nos. 222, 227.) The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

Defendants claim they "have recently become aware" of 40 C.F.R. § 122.28(b)(3)(iv), which states:

> When an individual NPDES permit is issued to an owner or operator otherwise subject to a general NPDES permit, the applicability of the general permit to the individual NPDES permittee is automatically terminated on the effective date of the individual permit.

(Mem. at 1-2.) Based on this regulation, Defendants filed a motion for judgment on the pleadings as to the seventh through tenth causes of action for alleged violations of the general permit. (Docket No. 220.)

Defendants argue that *ex parte* relief is warranted because they "have never presented the issue of this Regulation's applicability before this Court." (Mem. at 6-7, 10; Reply at 3.) To support their argument that the motion is the result of excusable neglect, Defendants explain that

LINK: 219

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5600 GAF (MANx) | Date | October 30, 2014 |
|---|---|---|---|
| Title | Wishtoyo Foundation v. Magic Mountain LLC et al | | |

"the issue of coverage of the General Permit had become framed as a question of fact," and they only recently became aware of the regulation "[a]fter reassessing their legal strategy." (Mem. at 9.) Defendants state that the prejudice to Plaintiffs is minimal because the motion involves a purely legal issue that may streamline the proceedings. (Mem. at 6-8.)

Plaintiffs oppose the *ex parte* application on the grounds that Defendants have not shown excusable neglect because the regulation was cited in the Complaint and presumably reviewed by Defendants when they answered the Complaint. Compl. ¶ 27 ("NPDES Permits issued to regulation the same or similar categories of point sources that discharge similar types of pollutants, are known as 'General Permits.' 40 C.F.R. § 122.28."). Plaintiffs also include a lengthy footnote on the merits of the motion that challenges Defendants' characterization of the regulation as "dispositive." (Opp. at 5, n.4.)

The Court is well aware that "Defendants have spent the better part of the last two years filing motions seeking to dismiss the General Permit claims[.]" (Opp. at 4.) That Defendants only recently "reassess[ed] their legal strategy" is not a basis for belatedly introducing new legal arguments. The burden was clearly on Defendants to thoroughly research and present this "dispositive" regulation to the Court within the deadlines set forth in the Scheduling Order. Defendants' failure to do so is inexcusable.

Nevertheless, it is undisputed that the applicability of 40 C.F.R. § 122.28(b)(3)(iv) to the general permit claims has not been litigated in this case. The Court is now left in the untenable position of having to enforce a regulatory scheme without being fully briefed on the controlling law. Postponing resolution of the applicability of 40 C.F.R. § 122.28(b)(3)(iv) until trial risks wasting the Court's and the parties' resources on preparation for claims that may be rendered moot by Defendants' motion. The prejudice to Plaintiffs is minimal because a November 24, 2014 hearing date is only two weeks after the motion hearing cutoff date and because the motion addresses a purely legal argument. The Court therefore exercises its inherent authority to allow Defendants' motion for judgment on the pleadings to be heard on **December 1, 2014 at 9:30 a.m.** The *ex parte* application is **GRANTED**.

**IT IS SO ORDERED**.