| | |
|---|---|
| 1 | MORRIS POLICH & PURDY LLP |
| | STEVEN L. HOCH (SBN 59505) |
| 2 | shoch@mpplaw.com |
| | SUDHIR L. BURGAARD (SBN 263805) |
| 3 | sburgaard@mpplaw.com |
| | RYAN C. McKIM (SBN 265941) |
| 4 | rmckim@mpplaw.com |
| | HUBERT T. LEE (SBN 297548) |
| 5 | hlee@mpplaw.com |
| | 1055 West Seventh Street, 24th Floor |
| 6 | Los Angeles, CA  90017 |
| | Telephone:  (213) 891-9100 |
| 7 | Facsimile:   (213) 488-1178 |

Attorneys for Defendants Magic Mountain LLC
and Six Flags Theme Parks, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISHTOYO FOUNDATION and its VENTURA COASTKEEPER program, a non-profit corporation, LOS ANGELES COASTKEEPER d/b/a SANTA MONICA BAYKEEPER, a non-profit corporation, and FRIENDS OF THE SANTA CLARA RIVER, a non-profit corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>MAGIC MOUNTAIN LLC, a California Limited Liability Company and SIX FLAGS THEME PARKS, INC., a Delaware Corporation,<br><br>        Defendants. | Case No.: 2:12-cv-05600-GAF (MANx)<br><br>Hon. Margaret A. Nagle<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW RE: PARTIES' JOINT STIPULATION REGARDING DEFENDANTS' DOCUMENT PRODUCTION**<br><br>Action Filed:         June 27, 2012<br>Trial Date:           April 7, 2015<br>Discovery cut-off: December 18, 2014<br>Hearing Date:     December 9, 2014 |

Pursuant to Local Rule 37-2.3, Defendants Magic Mountain LLC ("MMLLC") and Six Flags Theme Parks, Inc. ("SFINC") (collectively "Defendants") hereby submit the following supplemental memorandum of law and attached Declaration of Hubert T. Lee ("Lee Decl.") in support of their position articulated in the Parties' Joint Stipulation Regarding Defendants' Document Production (Dkt. #249) filed November 11, 2014.

///

1

**I.   Defendants Have Agreed to Conduct a Second Search for Responsive Emails and Have Cooperated with Plaintiffs in Establishing Search Parameters for this Second Search, Rendering Plaintiffs' Motion Moot on this Issue**

In the Parties' Joint Stipulation Regarding Defendants' Document Production, Plaintiffs had requested the Court order the parties to confer on a mutually-agreeable list of search terms and employees whose emails should be searched regarding internal email communications that are responsive to Plaintiffs' Requests for Production of Documents. *See* Dkt. #249 at 16. In response to Plaintiffs' motion, Defendants had initially planned to provide Plaintiffs' with an affidavit from percipient witness Thomas Edgar, who could attest to the search parameters used to locate emails responsive to Plaintiffs' discovery requests. *See* Dkt. #249 at 24. Tragically and unexpectedly, Mr. Edgar passed away on October 21, 2014, leaving no other witness for the Defendants that can describe the search conducted for responsive emails. *See* Lee Decl. at ¶ 3.

In an effort to come to a mutual resolution on this issue without unnecessarily wasting Court resources, Defendants reached out to Plaintiffs in an email dated November 10, 2014, offering to conduct another search for internal email communications responsive to Plaintiffs' discovery requests. Lee Decl. at 4. Defendants further offered Plaintiffs to suggest search parameters to be used in their email search. Lee Decl. at ¶ 4. Plaintiffs' Counsel responded by email on November 14, 2014, providing Defendants with a list of suggested search parameters – including suggested search terms and email accounts to be searched. Lee Decl. at ¶ 5.

On November 19, 2014, Defendants' attorneys reviewed, in good faith, the list of suggested search parameters provided by Plaintiffs' counsel with the Defendants. Based on their knowledge of the nature of their prior communications and processes, Defendants identified the search parameters likely

2

to uncover emails responsive to Plaintiffs' discovery requests. Lee Decl. at ¶ 6; *see also In re Nat'l Ass'n of Music Merchants, Musical Instruments & Equip. Antitrust Litig.*, No. MDL 2121, 2011 WL 6372826, at *3 (S.D. Cal. Dec. 19, 2011) ("effective search terms cannot be identified in an information vacuum and that a party's "human knowledge" should be utilized to craft keyword searches"). Defendants provided the search parameters they intended to utilize to Plaintiffs by email November 20, 2014. Lee Decl. at ¶ 6. While Plaintiffs expressed concern about Defendants' choice of search parameters, they agreed the parties have continued to work on resolving this matter. Lee Decl. at ¶ 7.

Defendants assert that this cooperative effort to re-conduct a second search for emails responsive to Plaintiffs' discovery requests effectively moots Plaintiffs' discovery request made in the Parties' Joint Stipulation Motion, which had requested the Court "order the parties to confer on a mutually agreeable list of search terms and employees whose emails should be searched." Dkt. #249 at 16; *see, e.g., Johnson v. City of Poulsbo*, No. C06-5261 FDB, 2007 WL 1128755, at *1 (W.D. Wash. Apr. 16, 2007) (Holding a Motion to Compel Discovery was rendered moot when the opposing party complied with discovery request made in Rule 37 motion). Accordingly, this Court should find Plaintiffs' Motion to Compel Discovery as moot as Defendants have already begun efforts to re-search emails for responsive emails and have actively sought Plaintiffs' input and cooperation in conducting said search.

## II. Communications or Documents Shared Between Kennedy/Jenks Consulting and Defendants Without Including Defendants' Counsel Still Qualifies for Attorney-Client Privilege

Again, Defendants reiterate that documents or communications not sent to or from Defendants' counsel still qualifies for attorney-client privilege, so long as the communication or documents were made to facilitate legal advice. Indeed, Courts have consistently held that communications between a non-attorney acting

on behalf of the attorney and the attorney's client can be protected by the privilege, even when the attorney is not involved in the communications, when the communication is made in confidence for the purpose of facilitating the rendition of legal services. *See, e.g.*, *United States v. White*, 617 F.2d 1131, 1135 (5th Cir. 1980) (noting that "[i]n appropriate circumstances the privilege may bar disclosures made by a client to non-lawyers who ... ha[ve] been employed as agents of an attorney"); *see also United States v. Pipkins*, 528 F.2d 559, 562 (5th Cir. 1976); *United States v. Kovel*, 296 F.2d 918, 921 (2nd Cir. 1961); 8 Wigmore, Evidence s 2301 (McNaughton rev. 1961).

Here, Kennedy/Jenks Consulting was retained by Defendants' attorneys as a third party consultant for the sole purpose of providing technical assistance to facilitate legal advice to Defendants on the issue of Clean Water Act permit compliance and now this litigation. *See* Dkt. #249 at 18; *see also In re CV Therapeutics, Inc. Sec. Litig.,* No. 03–3709, 2006 WL 1699536, at *3 (N.D. Cal. June 16, 2006) ("the crucial question is whether a communication to that party was made for a legal purpose. If the third party consultant is involved in the giving of legal advice, the privilege obtains… If the third party agent or consultant is retained by the client for non-legal purposes, the privilege is lost").  Throughout their Joint Stipulation Motion, Plaintiffs have not and could not identify any non-legal purpose for communications between Kennedy/Jenks Consulting and Defendants precisely because the only conceivable reason for such communications between the two entities is solely related to NPDES permit compliance – a legal issue.

Most troubling, Plaintiffs' intrusive demand for discovery related to Kennedy/Jenks documents and communications is in clear tension with the spirit and purpose of the attorney-client privilege.  The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law

and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

Here, Defendants' attorneys retained Kennedy/Jenks Consulting to assist them in technical support related to legal advice so that Defendants could comply with their NPDES permit requirements. Kennedy/Jenks assisted by providing technical and environmental management strategies that would allow Defendants to comply with their NPDES permits. For Kennedy/Jenks to effectively dispense such technical support, there must be an atmosphere where the Defendants and Kennedy/Jenks Consultants can engage candidly in full and frank discussions. Plaintiffs' invasive request clouds this atmosphere, seeking to obtain information that was elicited in confidence for the sole purpose of complying with Defendants' legal requirements under the Clean Water Act – contrary to the purpose of the attorney-client privilege. As courts have consistently recognized the extension of the attorney-client privilege to non-attorney consultants working on behalf of the attorney, Plaintiffs' improper and overly-expansive discovery request ultimately has a chilling effect on a facility's ability to engage in honest dialogue with technical consultants retained by attorneys to facilitate legal advice related to environmental compliance.

Dated: November 25, 2014                Respectfully submitted,

By: */s/ Hubert T. Lee*
    Steven L. Hoch
    Sudhir L. Burgaard
    Ryan C. McKim
    Hubert T. Lee
    MORRIS POLICH & PURDY LLP

Attorneys for Defendants
Magic Mountain, LLC et. al.

# CERTIFICATE OF SERVICE

*Wishtoyo Foundation and Its Ventura Coastkeeper Program, Los Angeles Coastkeeper d/b/a Santa Monica Baykeeper, and Friends of the Santa Clara River v. Magic Mountain LLC, Six Flags Magic Mountain; Six Flags Theme Parks, Inc., and Six Flags Entertainment Corporation*
*USDC – Central District, Western Division,*
*Case No. 2:12-cv-05600-GAF(MANx)*

This is to certify that, pursuant to L.R. 5.3.2, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this electronically filed document ("**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW RE: PARTIES' JOINT STIPULATION REGARDING DEFENDANTS' DOCUMENT PRODUCTION**") via the Court's CM/ECF system and will accordingly receive a "Notice of Electronic Filing."

I declare under penalty of perjury that the above is true and correct. Executed at Los Angeles, California, on November 25, 2014.

                                */s/ Hubert T. Lee*
                                Hubert T. Lee
                                hlee@mpplaw.com
                                Steven L. Hoch
                                shoch@mpplaw.com
                                Sudhir L. Burgaard
                                sburgaard@mpplaw.com
                                Ryan C. McKim
                                rmckim@mpplaw.com
                                1055 West Seventh Street, 24th Floor
                                Los Angeles, CA  90017
                                Telephone:  (213) 891-9100
                                Facsimile:   (213) 488-1178