1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11
12
13
14
15

WISHTOYO FOUNDATION and its
VENTURA COASTKEEPER program, a
non-profit corporation, LOS ANGELES
COASTKEEPER d/b/a SANTA
MONICA BAYKEEPER, a non-profit
corporation, and FRIENDS OF THE
SANTA CLARA RIVER, a non-profit
corporation,

Case No.: 2:12-cv-5600-SVW (MANx)

**PROTECTIVE ORDER
ENTERED PURSUANT TO THE
STIPULATION OF THE PARTIES**

16

            Plaintiffs,

17

vs.

18
19

MAGIC MOUNTAIN LLC, a California
Limited Liability Company; SIX FLAGS
THEME PARKS, INC., a Delaware
Corporation,

20

            Defendants.

21
22
23
24
25
26
27
28

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order Regarding Confidential Materials ("Stipulation") filed on December 4, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 2, 3, 5, 7, 9, and 10 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential – Attorney's Eyes Only, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential – Attorney's Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.   In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential, Confidential – Attorney's Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-

79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE.**

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1.     In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2.     By designating a document, thing, material, **deposition** testimony, or other information derived therefrom as "confidential," under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation.   Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."    Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.     Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.   Arrangements shall be made with the court reporter taking and

---

[1]     The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.      Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court and its staff, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)      a party, or an officer, director, or employee  of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)      experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)      court reporter(s) employed in this action;

(d)      a witness at any deposition or other proceeding in this action; and

(e)      any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6.      Depositions shall be taken only in the presence of qualified persons.

7.      The parties may further designate certain discovery material or

testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court and its staff, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. For the purposes of this Order, counsel for the parties includes in-house counsel. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.      If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such **material shall be submitted to the Court with an application to seal in accordance with this Court's Local Rule 79-5 and the provisions of this Order.**

10.      In the event that any Confidential Material is used in any court proceeding in this action, the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.      This Order shall be without prejudice to the right of the parties to:  (i) bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or (ii) present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from

those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13.    This Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

14.    Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO ORDERED.

Date: December 18, 2014

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Attachment A

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Wishtoyo Foundation, et al. vs. Magic Mountain LLC, et al.*, United States District Court for the Central District of California, Civil Action No. 2:12-cv-05600-GAF (MANx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.


Dated: _____        By: */s/* _____